UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL MORAN, on behalf of himself and all other
persons similarly situated,

                          Plaintiff,                        **COMPLAINT**

   -against-

JOHN J. PICONE, INC., NORTHEAST REMSCO
CONSTRUCTION, INC. and WESTERN BAYS
CONSTRUCTORS JOINT VENTURE,                   *FLSA Collective Action*
                                                                                    *and Rule 23 Class Action*
                        Defendants.
------------------------------------------------------------------------X

       Plaintiff, MICHAEL MORAN ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, JOHN P. PICONE, INC., NORTHEAST REMSCO CONSTRUCTION, INC. and WESTERN BAYS CONSTRUCTORS JOINT VENTURE, alleges as follows:

## NATURE OF THE ACTION

       1.    Defendants, John P. Picone, Inc. ("Picone") and Northeast Remsco Construction, Inc. ("Northeast Remsco"), are members of a Joint Venture, Defendant Western Bays Constructors ("WBC"). Defendants Picone, Northeast Remsco and WBC provided construction services for the Bay Park Conveyance Project in the Town of Hempstead, New York (the "Project") and employed Plaintiff and other similarly situated laborers to perform labor on the Project. Plaintiff and putative plaintiffs regularly worked in excess of 40 hours per workweek but were paid less than one and one-half times their regular rate for those hours worked after 40 hours per workweek in violation of both the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), and the New

1

York Labor Law Articles 6 and 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

2. Plaintiff brings this action against Defendants pursuant to the Collective Action provision of the FLSA, 29 U.S.C. 216(b) and pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages on behalf of himself and all individuals similarly situated under the FLSA and the NYLL.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

6. At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA and NYLL § 190(2).

7. Defendant, Picone, is a domestic business corporation.

8. At all times relevant, Defendant, Picone, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and NYLL § 190(3).

9. At all relevant times, Defendant, Picone, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were engaged in

construction and maintenance and used tools, equipment and other materials which originated in other states.

10. Defendant, Northeast Remsco, is a foregin business corporation.

11. At all times relevant, Defendant, Northeast Remsco, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and NYLL § 190(3).

12. At all relevant times, Defendant, Northeast Remsco, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were engaged in construction and maintenance and used tools, equipment and other materials which originated in other states.

13. Defendant, WBC, is a Joint Venture formed by Picone and Northeast Remsco to provide construction services on the Project.

14. At all times relevant, Defendant, WBC, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

15. At all relevant times, Defendant, WBC, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were engaged in construction and maintenance and used tools, equipment and other materials which originated in other states.

16. Defendants Picone and Northeast Remsco formed the Joint Venture, Defendant, WBC, to carry out a single business enterprise for profit in which they combined their property,

resources, money, skills and efforts to perform construction work on the Project, and shared in the profits and losses and the right of joint participation in the management and control of the single business enterprise, including the employment of Plaintiff and the FLSA Collective Plaintiffs.

17. Defendants, Picone, Northeast Remsco and WBC engaged in related activities and shared a common business purpose.

18. Defendants, Picone, Northeast Remsco and WBC shared common control of the employees who performed labor on the Project, including Plaintiff and the FLSA Collective Plaintiffs.

19. Defendants, Picone, Northeast Remsco and WBC used a centralized payroll for the employees who performed labor on the Project, including Plaintiff and the FLSA Collective Plaintiffs.

20. Defendants, Picone, Northeast Remsco and WBC implemented and applied uniform payroll practices and policies to all employees who performed labor on the Project, including Plaintiff and the FLSA Collective Plaintiffs.

21. Defendants, Picone, Northeast Remsco and WBC shared equipment and material to provide construction services on the Project.

22. Defendants, Picone, Northeast Remsco and WBC pooled administrative resources, including legal, accounting, and payroll operations for the Project.

23. Defendants, Picone, Northeast Remsco and WBC, joined together to perform activities as a unified business to perform construction work on the Project and constituted a single enterprise.

## **FACTUAL ALLEGATIONS**

24. Plaintiff was employed by Defendants, Picone, Northeast Remsco and WCB, as a laborer on the Project from in or September 2021 until in or about November 2023.

25. Plaintiff was a non-exempt, hourly-paid employee. Plaintiff's duties included roadwork.

26. Throughout his employment on the Project, Plaintiff regularly worked more than 40 hours in a single workweek.

27. Defendants failed to pay Plaintiff overtime at a rate not less than one and one-half times his regular rate of pay for hours worked in excess of 40 hours in a single workweek in violation of the FLSA and NYLL.

28. For example, during the period of January 31, 2023, to February 6, 2023, Plaintiff worked a total of 52 hours. For hours worked during this period, Defendants paid Plaintiff for 32 hours at the rate of $54.50 and 8 hours at the rate of $54.99. Defendants paid Plaintiff for 12 overtime hours at the rate of $65.98, a rate that is less than one and one-half times Plaintiff's regular rate of pay.

29. For example, during the period of February 7, 2023, to February 13, 2023, Plaintiff worked a total of 51.5 hours. For hours worked during this period, Defendants paid Plaintiff for 24 hours at the rate of $54.50 and 16 hours at the rate of $54.99. Defendants paid Plaintiff for 11.5 overtime hours at the rate of $65.98, a rate that is less than one and one-half times Plaintiff's regular rate of pay.

30. Defendants' failure to pay Plaintiff at a rate of at least one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek was willful.

## COLLECTIVE ACTION ALLEGATIONS

31.     At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

32.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

33.     Plaintiff seeks to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following similarly situated employees:

> All persons who are currently or have been employed by the Defendants as laborers on the Project and were not paid at the rate of one and one-half times their regular rate for hours worked after 40 hours in a workweek at any time during the three (3) years prior to the filing of their respective consent forms.

34.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).

35.     Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be

unable to secure compensation to which they are entitled and which have been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants as laborers on the Project at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

37. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

38. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as laborers on the Project at any time during the six (6) years prior to the filing of this Complaint.

39. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

40. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants failed to pay Plaintiff and Class Members at the rate of one and one-half times their regular rate for all hours worked after 40 hours in a workweek;

(b) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members at the correct overtime rate of pay was done willfully and/or with reckless disregard of the federal and state wage and hour laws;

(c) Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(d) What is the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

41. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same payroll practices of Defendants. Defendants' policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

42. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

43. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

44. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present

action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

45. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

46. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

47. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

48. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendants employed Plaintiff and FLSA Collective Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and FLSA Collective Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

50. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

51. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

52. As a result of Defendants' unlawful acts, Plaintiff and FLSA Collective Plaintiffs are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### NEW YORK LABOR LAW

53. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants employed Plaintiff and FLSA Collective Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of NYLL.

55. By defendants' failure to pay Plaintiff and FLSA Collective Plaintiffs overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the NYLL Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

56. Due to Defendants' violations of the NYLL, Plaintiff and FLSA Collective Plaintiffs are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## DEMAND FOR JURY

57. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Certification of a Collective Action pursuant to 29 U.S.C. § 216(b);

(ii) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iii) Certification of a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv) Designation of Plaintiff as Class Representative and Plaintiff's Counsel as Class Counsel;

(iii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting New York State Department of Labor Regulations;

(iv) Unpaid wages, plus liquidated damages and pre- and post-Judgment interest pursuant to NYLL 198(1-a);

(v) Damages pursuant to NYLL § 198(1-a);

(vi) All attorneys' fees and costs incurred in prosecuting these claims; and

(vii) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       June 7, 2024

                                   ROMERO LAW GROUP PLLC

                                   */s/ Peter A. Romero, Esq.*

By: _____
       Peter A. Romero, Esq.
       490 Wheeler Road, Suite 277
       Hauppauge, New York 11788
       (631) 257-5588
       Promero@RomeroLawNY.com

       *Attorneys for Plaintiff*