UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL MORAN, on behalf of himself and all
other persons similarly situated,

                        Plaintiff,

      -against-

JOHN J. PICONE, INC., NORTHEAST REMSCO
CONSTRUCTION, INC. and WESTERN BAYS
CONSTRUCTORS JOINT VENTURE,

                      Defendants.
------------------------------------------------------------------X

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO
<u>DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT</u>**

David D. Barnhorn, Esq.
Peter A. Romero, Esq.

Romero Law Group PLLC
*Attorneys for Plaintiff and Opt-in Plaintiffs*
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel.: (631) 257-5588

## PRELIMINARY STATEMENT

Plaintiff, Michael Moran and three opt-in Plaintiffs (collectively "Plaintiffs"), by and through their attorneys the Romero Law Group PLLC, respectfully submit this Sur-Reply in opposition to the motion filed by Defendants John J. Picone, Inc., Northeast Remsco Construction, Inc. and Western Bays Constructors Joint Venture (collectively "Defendants") pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss the Complaint.

Plaintiff Moran commenced this action on behalf of himself and all other persons similarly situated, seeking relief for Defendants' violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting N.Y.S. Department of Labor Regulations, 12 N.Y.C.R.R. § 142 ("NYLL") on June 7, 2024. *See* Dkt. No. 1.

On August 22, 2022, Defendants filed a motion seeking to dismiss Plaintiff Moran's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 8.  On June 5, 2024, Plaintiff Moran filed an Amended Complaint asserting substantially similar overtime claims, added additional claims under NYLL § 195(1) and (3), and expanding upon his original allegations. D.E. 14.

On September 10, 2024, Defendants informed the Court that they intended to rely upon their original brief in renewing their motion to dismiss against the Amended Complaint and indicated that no further arguments were necessary to address the claims in the Amended Complaint. D.E. 17; *see also* D.E. 18.  On September 11, 2024, the parties submitted a joint request to set a briefing schedule for Defendants' motion based on Defendants' representation to the Court that they intended to rely solely on their original motion papers [D.E. 18], which the Court granted on October 11, 2024.

On November 5, 2024, Plaintiff served opposition to Defendants' motion in accordance with the parties' briefing schedule.  On November 27, 2024, Defendants filed the fully briefed

1

motion. Defendants' Reply includes extraneous factual material offered in support of merit-based arguments that should not be considered on a motion to dismiss, as well as assertions of fact that go beyond the allegations pleaded in the four corners of the Amended Complaint. *See,* Plaintiff's Memorandum in Opposition, D.E. 48 (discussing that Courts should not consider extraneous documents and information not included in the Amended Complaint on a motion to dismiss in response to Defendants' prior attempt to do so for other materials). In addition, Defendants raised new arguments for the first time in their Reply that were not articulated in Defendants' original moving papers and, therefore, should not be considered by the Court in determining the motion.

### THE COURT SHOULD NOT CONSIDER THE REPLY AFFIDAVIT OF KENNETH DURKIN OR THE PAYROLL DOCUMENTS ATTACHED TO THE AFFIDAVIT

Plaintiff Moran was employed by Defendants as a laborer from in or about September 2021 until in or about November 2023. Dkt. No. 1 at ¶ 24. Defendants' Reply and the Durkin Affidavit aver that Plaintiff Moran was initially "paid nine (9) hours of wages for eight (8) hours actually worked." Reply at 3. The Durkin Affidavit suggests that this payroll practice is reflected in Plaintiff Moran's payroll for the period end dates September 20, 2021 and September 27, 2021. (Exhibit 3 attached to the Durkin Affidavit). The Durkin Affidavit further claims that Defendants' practice of paying nine hours for eight hours worked was discontinued, which it alleges is reflected in Plaintiff Moran's payroll for the period end dates of November 15, 2021 and November 22, 2021. Absolutely none of the information contained in the Durkin Affidavit has anything to do with the allegations set forth Plaintiffs' Amended Complaint.

Defendants' Reply seeks to obfuscate the issues by arguing that the information in the affidavit "clearly demonstrates" that Plaintiffs were not entitled to and, therefore, have no claim to a premium for hours not actually worked. Reply at 3. This is pure sophistry. Plaintiff Moran has made no claim at all in the original Complaint or the Amended Complaint that he is owed a

premium for hours not actually worked. Indeed, the Amended Complaint alleges that Plaintiff Moran was *actually* paid a premium equal to about 30% of his base rate for working the nightshift. The entire crux of the Amended Complaint is that Defendants failed to include the premium that Plaintiffs were *actually* paid when calculating Plaintiffs' overtime rate in violation of the FLSA and NYLL. Nevertheless, Defendants' Reply continues to insist that "Plaintiff's claims for a 'night differential' – ***claims that are nowhere to be found in the Amended Complaint*** – "must fail" because the differential that Plaintiff Moran was actually paid was not required by the PLA. Def. Reply at 3  Whether or not Defendants were contractually required to pay Plaintiffs a premium night differential is ***irrelevant***. The undisputed fact is that Defendants ***did*** pay Plaintiffs a premium, but failed to include the premium when they calculated Plaintiff's overtime rate of pay in violation of the FLSA and NYLL. It is unclear whether Defendants are being obtuse or are deliberately trying to deceive the Court.

Moreover, to the extent that Defendants claim that their initial practice of paying 9 hours for 8 hours of work bars Plaintiff Moran's claims for overtime, by Defendants' own admission, that practice was limited to Plaintiff Moran's compensation for the pay period end dates of September 20, 2021 and September 27, 2021, and have no bearing whatsoever on Plaintiff Moran's claims for overtime he is owed for November 2021 through April 2023 as a result of Defendants' failure to include all remuneration, including the nigh differential, when calculating his overtime rate during that period.

### DEFENDANTS' REPLY MISCONSTRUES PLAINTIFFS' CLAIMS

Plaintiff Moran's Amended Complaint does not reference or refer to Defendants' collective bargaining agreement. D.E. 14 The Amended Complaint alleges that Defendants paid Plaintiff Moran a nightshift differential and that Defendants had a policy and practice of improperly

3

calculating overtime compensation rates by failing to take the nightshift differential compensation that was actually paid to Plaintiff Moran into account when determining Plaintiff Moran's regular and overtime rates of pay, in violation of the FLSA and NYLL.  The Amended Complaint expressly states that Plaintiff Moran does not allege that Defendants failed to pay the nighttime differential, that the differential rate was incorrect, or that Defendants failed to comply with any contractual obligations, but rather alleges that Defendants' calculation of Plaintiff Moran's overtime rate improperly excluded shift differentials that he was paid. *Id*. at ¶ 31  The Amended Complaint provides nine examples of how Defendants' failed to properly calculate Plaintiff Moran's overtime rate of pay. *Id*. at ¶¶ 33-39.

Defendants' Reply argues that Plaintiff Moran's claims fail because Defendants were not contractually obligated to pay a night differential.  Defendants miss the point.  The Amended Complaint alleges that Plaintiff Moran was *actually* paid a differential, which was part of his remuneration.  Whether or not Defendants were required to pay the differential is wholly irrelevant.  The FLSA requires that "all remuneration for employment" be included in an employee's "regular rate" when calculating overtime pay. 29 U.S.C. § 207(e); *see also* 29 C.F.R. § 778.200 *et. seq*.  Thus, Defendants' arguments are simply incorrect.  Moreover, at this stage of the proceedings, the Court is required to accept as true Plaintiff Moran's allegations regarding the non-overtime rates that he was paid as alleged in the Amended Complaint at ¶¶ 33-39.  Defendants' attempt to dispute Plaintiff Moran's allegations of fact regarding the non-overtime rates that he was paid (Def. Reply at 5) is inappropriate on a motion to dismiss.

Defendants also argue that "Plaintiff's claims to an entitlement...to a certain 'night differential' rest upon the interpretation of the CBA. Def. Reply at 5.  From this straw man, Defendants argue that Plaintiff Moran's claims are barred by the NLRA/LMRA.  As explained

4

above, the Amended Complaint does *not* claim any unpaid night differential compensation and does *not* require interpretation of the CBA.  Plaintiff Moran was paid the regular rates that he alleges he was paid.  Whether Defendants were required to pay Plaintiff Moran the rates alleged to have been actually paid makes no difference and does not change the fact that Defendants were required to include all remuneration paid to Plaintiff Moran when calculating his overtime rate.  Defendants repeat this fiction again when they contend that Plaintiff Moran's claims "rest upon the purported fact that the Defendants allegedly failed to allocate the payment of wages....in accordance with certain unidentified terms of the CBA." Def. Reply at 7.  The reason why Defendants paid Plaintiffs the night differential is *irrelevant*.  All that matters is what rates Plaintiff Moran was actually paid and whether all remuneration, including the differential that he was paid, was included when Defendants calculated his overtime rate.

This case is like *Isaacs*, in that Plaintiff "has not represented, nor does the [A]mended [C]omplaint indicate, that the Court would need to determine [Plaintiff's] non-overtime rate under the CBA." *Isaacs v. Central Parking Systems of New York, Inc*., 2012 WL 9657494, at *5 (E.D.N.Y. Feb. 27, 2012). Like *Isaacs*, the Amended Complaint in this case alleges only that "Defendant's calculation of the overtime rate excluded…compensation such as shift differentials."  Like *Isaacs*, "[n]owhere in the operative complaint does Plaintiff allege a breach of the CBA, or that he is challenging any provision thereof" but "[r]ather, the operative complaint's sole focus is Plaintiff's statutory rights to compensation." *Id*.  Here, Plaintiff's sole focus is to remedy statutory violations of the FLSA and NYLL.

## DEFENDANTS' REPLY IMPROPERLY RAISES NEW ARGUMENTS

Defendants' original motion to dismiss, upon which Defendants stated that they intended to rely in renewing their motion, contained no argument regarding Plaintiff Moran's wage

5

statement claim under NYLL § 195(3). The Court should disregard Defendants' arguments regarding Plaintiff's NYLL § 195(3) claim. *Playboy Enterprises, Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) ("Arguments made for the first time in a reply brief need not be considered by a court"); *Nokaj v. N. E. Dental Mgmt., LLC*, 2019 WL 634656, at *7 n.12 (S.D.N.Y. Feb. 14, 2019) (a district court may disregard arguments raised for the first time in reply papers).

Defendants' Reply refers to extraneous material – Plaintiff Moran's paystubs – to support their contention that Plaintiff Moran's claim for violations of NYLL § 195(3) should be dismissed. Defendants argue that Plaintiff's paystubs indicate that he was being paid a prevailing wage rate of $42.62 and an overtime rate of $63.93, which equates to one and one-half times $42.62. The Court should disregard Defendants' argument because (i) it relies on extraneous documents and goes to the merits of Plaintiff Moran's NYLL § 195(3) claim; and (ii) Defendants' argument entirely fails to rebut Plaintiff's allegations that he was paid at rates greater than $42.62, and that Defendants *failed to include all remuneration – including the night differential – that Plaintiff Moran was paid when it calculated his overtime rate*, as alleged in the Amended Complaint at ¶ 33- ¶ 39.

### DEFENDANTS' REPLY IMPROPERLY RAISES NEW ARGUMENTS SEEKING DISMISSAL OF PLAINTIFFS NYLL § 195(3) CLAIM

Defendants argue that Plaintiff's claims that Defendants failed to provide accurate wage statements in violation of NYLL § 195(3) should be dismissed for lack of standing, in light of the Second Circuit's ruling in *Guthrie v. Rainbow Fencing Inc.*, No. 23-350, --- F.4th ----, 2024 WL 3997427, at *5 (2d Cir. Aug. 30, 2024). The Court should disregard Defendants' new arguments because Defendants explicitly acknowledged that they were aware of the *Guthrie* ruling, but nevertheless expressly represented to the Court that Defendants would rely on their original briefing to renew their motion to dismiss without amending their submissions to add new

6

arguments regarding *Guthrie* because the Amended Complaint allegedly had "no affect upon the basis for Defendants' motion to dismiss".[1] D.E. 17-18. Plaintiffs relied on Defendants' representation that they would not pursue any arguments relating to *Guthrie*. Now, in an act of pure gamesmanship, Defendants seek to unfairly advance those very arguments for the first time in reply to disadvantage Plaintiffs. As such, Defendants' arguments should be disregarded.

Moreover, even if the Court were to consider Defendants' new arguments, Plaintiff Moran's Amended Complaint easily satisfies the standing requirements for a NYLL § 195(3) claim under *Guthrie*. This Court previously found that the very same allegations alleged by Plaintiff in the Amended Complaint in this action, plausibly alleged sufficient injury for Article III purposes to allow the NYLL wage statement claim to proceed. *See*, *De la Cruz v. A.T.N. Incorporated et al*, E.D.N.Y. Case No. 24-cv-06301 (KAM) (AYS) at D.E. 6

---

[1] In their second pre-motion conference letter, Defendants contend "that Plaintiff simply realleges certain claims under New York's Wage Theft Protection Act in an attempt to circumvent the Second Circuit's recent holding in *Guthrie v. Rainbow Fencing Inc.*, 2024 WL 3997427 (2nd Cir 2024) that such claims are not recoverable in this Court. As Defendants believe that the Amended Complaint has no affect upon the basis for Defendants' motion to dismiss, we write to advise that the Defendants intend upon renewing the motion…" D.E. 17. Defendants then determined that they would rely solely on their original motion papers to renew their motion to dismiss when the parties conferred regarding their briefing schedule, D.E. 18, therefore knowingly and consciously deciding not to amend their motion papers to add any arguments under *Guthrie*.

## CONCLUSION

Based on the foregoing, the Court should disregard the extraneous factual material referenced in Defendants' Reply, ignore the new arguments not previously made in Defendants' initial brief, and deny Defendants' motion to dismiss Plaintiffs' Amended Complaint in its entirety.

Dated: Hauppauge, New York
December 6, 2024

ROMERO LAW GROUP PLLC

By:   /s/ Peter A. Romero
PETER A. ROMERO, ESQ.
DAVID D. BARNHORN, ESQ.
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel.: (631) 257-5588

*Attorneys for Plaintiff and Opt-in Plaintiffs*
